UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-mj-8768-BER

UNITED STATES OF AMERICA

v.

Catalino Enoe Tomas Gabriel and,
Gary Victorino Sactic-Gomez

Defendants. /

# CRIMINAL COVER SHEET

1. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

2. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

3. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes ☑ No

4. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? ☐ Yes ☑ No

5. Did this matter involve the participation of or consultation with Magistrate Judge Brandy Brentari Galler during her tenure at the U.S. Attorney's Office, which concluded on July 30, 2026? ☐ Yes ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: *Nadya Z. Cheatham*

Nadya Z. Cheatham
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5503245
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 820-8711
Email: nadya.cheatham@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>Catalino Enoe Tomas Gabriel and<br>Gary Victorino Sactic-Gomez,<br><br>*Defendant(s)* | ) ) ) ) ) ) | Case No. 26-mj-8768-BER |

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 5, 2026 in the county of Palm Beach in the Southern District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C 1326(a) | Previously removed alien found in the United States |

FILED BY TM D.C.
Oct 7, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

This criminal complaint is based on these facts:

See Attached Affidavit

❒ Continued on the attached sheet.

David Soltero

*Complainant's signature*

David Soltero, U.S. Border Patrol Agent

*Printed name and title*

Attested to me by the applicant by Telephone (FaceTime) per Fed.R.Crim.P. 4(d) and 4.1

Date: 10/7/2026

Bruce Reinhart

*Judge's signature*

City and state: West Palm Beach, FL

Bruce E. Reinhart, U.S. Magistrate Judge

*Printed name and title*

**AFFIDAVIT**

I, David Soltero, being duly sworn, depose and state:

1. I am a Border Patrol Agent (BPA) with the Department of Homeland Security, United States Border Patrol (USBP) assigned to the office of Border Patrol in West Palm Beach, FL, and have been so employed by the Unites States Border Patrol since 2011. I have successfully completed the United States Border Patrol Agent Academy at the Federal Law Enforcement Training Center in Artesia, New Mexico. Among my responsibilities as a Border Patrol Agent, I am trained and empowered to enforce criminal and administrative immigration laws of the United States and investigate crimes against the United States, as more fully described in Titles 8, 18, 19 and 21 of the United States Code.

2. The facts set forth in this affidavit are based on my personal knowledge; information obtained in this investigation from others, including other law enforcement officers; my review of documents, pictures and computer records related to this investigation, and information gained through training and experience. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint against Catalino Enoe Tomas Gabriel ("TOMAS GABRIEL") and Gary Victorino Sactic-Gomez ("SACTIC-GOMEZ") for violations of laws of the United States, that is: illegal reentry into the United States, in violation of Title 8, United States Code, section 1236(a). As such, this affidavit does not contain all of the information known to me regarding this investigation.

**Probable Cause**

3. On the morning of October 5, 2026, at approximately 04:30 a.m., West Palm Beach Border Patrol Station was contacted by a concerned citizen regarding a vessel that was observed

on the beach near 5280 N. Ocean Drive, Riviera Beach, Florida. The caller stated they observed several subjects exit the vessel and begin to run away from the beach.

4. U.S. Border Patrol Agents responded to the area and began to investigate the beached vessel. Agents noticed several footprints in the sand, directly next to the vessel, leading away from the beach. Agents began to follow the footprints and notified local law enforcement agencies of the incident. Agents searched the immediate area of the beached vessel which was located near McArthur State Park in Palm Beach County Florida. Agents encountered a total of five (5) subjects in the immediate area.

5. Subject SACTIC-GOMEZ was encountered walking on Ocean Drive, close to where the beached vessel was located. SACTIC-GOMEZ had wet clothes, and a majority of his clothes were covered in wet sand. Agents approached SACTIC-GOMEZ and introduced themselves as Border Patrol Agents. Agents questioned SACTIC-GOMEZ as to why he was in the area and asked for his immigration status. SACTIC-GOMEZ explained he was a citizen of Guatemala and did not have any documentation to be in the United States. Agents placed SACTIC-GOMEZ under arrest and transported him to the West Palm Beach Border Patrol Station.

6. Subject TOMAS GABRIEL was encountered hiding in the mangroves close to where the beached vessel was located. TOMAS GABRIEL had wet clothes, and a majority of his clothes were covered in wet sand. Agents approached TOMAS GABRIEL and introduced themselves as Border Patrol Agents. Agents questioned TOMAS GABRIEL as to why he was in the area and for his immigration status. TOMAS GABRIEL explained he was a citizen of Guatemala and did not have any documentation to be in the United States. Agents placed TOMAS GABRIEL under arrest and transported him to the West Palm Beach Border Patrol Station.

7. As part of my investigation, your affiant reviewed documents from the immigration alien file belonging to SACTIC-GOMEZ and TOMAS GABRIEL. A review of Department of Homeland Security electronic indices and the immigration alien file assigned to both TOMAS-SACTIC-GOMEZ and TOMAS GABRIEL showed that they are natives and citizens of Guatemala.

8. Records further show that on or about March 24, 2026, SACTIC-GOMEZ was ordered removed by an Immigration Judge and removed from the United States on April 7, 2026, in Pheonix, Arizona.

9. SACTIC-GOMEZ's fingerprints were entered into the Automated Biometric Identification System (IDENT) system, a biometric database maintained by the Department of Homeland Security on October 5, 2026. IDENT results confirmed that the fingerprints belonged to the individual who was previously removed from the United States, that is, Gary Victorino SACTIC-GOMEZ.

10. A record check was performed in the Computer Linked Application Informational Management System (CLAIMS) to determine if SACTIC-GOMEZ had filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that SACTIC-GOMEZ obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

11. Records show that on or about January 27, 2007, January 16, 2009 and June 24, 2026, TOMAS GABRIEL was removed three times from the United States.

12. TOMAS GABRIEL's fingerprints were entered into the Automated Biometric Identification System (IDENT) system, a biometric database maintained by the Department of

Homeland Security on October 5, 2026. IDENT results confirmed that the fingerprints belonged to the individual who was previously removed from the United States, that is, Catalino TOMAS GABRIEL.

13. A record check was performed in the Computer Linked Application Informational Management System (CLAIMS) to determine if TOMAS GABRIEL had filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that TOMAS GABRIEL obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

14. On October 5, 2026, U.S. Border Patrol Agents conducted separate interviews of both SACTIC-GOMEZ and TOMAS GABRIEL at the U.S. Border Patrol Station located in Riviera Beach, Florida. SACTIC-GOMEZ and TOMAS GABRIEL were able to read, write and speak the Spanish language with no communication barriers. Prior to beginning the interview, TOMAS GABRIEL read his *Miranda* warnings via a pre-printed form and ask if he understood what he read. TOMAS GABRIEL was asked if he understood his *Miranda* rights which he again answered in the affirmative. TOMAS GABRIEL waived his rights and provided a statement. Likewise, SACTIC-GOMEZ read his Miranda warnings via a pre-printed form and was asked if he understood what he read. SACTIC-GOMEZ answered in the affirmative, waived his rights and provided a statement.

15. TOMAS-GABRIEL stated that he was recently deported from the United States and wanted to return. TOMAS-GABRIEL stated that he travelled to the Bahamas from Guatemala. TOMAS-GABRIEL stated he knew it was illegal to return to the United States, however decided to attempt to make an illegal entry. TOMAS-GABRIEL stated that he was on a

vessel that left the Bahamas with the intention of coming to the United States. TOMAS GABRIEL stated the vessel landed on the beach, and he was instructed by the captain to run. TOMAS GABRIEL stated that he did not know where to go and hid in the bushes where he was found by agents.

16. SACTIC-GOMEZ stated that he was recently deported from the United States. SACTIC-GOMEZ stated he knew it was illegal to return to the United States, however decided to attempt to make an illegal entry. SACTIC-GOMEZ stated that he was on a vessel that left Freeport, Bahamas with about 20 other people. SACTIC-GOMEZ stated the vessel landed on the beach, and he was instructed by the captain to run. SACTIC-GOMEZ stated that he did not know where to go and hid in the bushes before walking out to the road where he was found by officers.

17. Based on the foregoing, your affiant respectively submits there is probable cause to believe that violations of federal law were committed by Gary Victorino SACTIC-GOMEZ and Catalino Enoe TOMAS GABRIEL, namely, illegal reentry into the United States, in violation of Title 8, United States Code, section 1326(a).

Further your affiant sayeth not.

David Soltero
_______________________________
David Soltero
Border Patrol Agent
Department of Homeland Security

Sworn and Attested to me by Applicant by Telephone (FaceTime) per Fed. R. Crim. P. 4 (d) and 4.1, this 7th day of October 2026.

Bruce Reinhart
_______________________________
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendants**: Catalino Enoe Tomas Gabriel

**Case number**: 26-mj-8768-BER

Previously removed alien found in the United States, in violation of Title 8, United States Code, section 1326(a)

**Maximum Penalties:**

***Max. Term of Imprisonment**: 2 years
***Mandatory Min. Term of Imprisonment (if applicable):** N/A
***Max. Supervised Release:** 1 year
***Max. Fine**: $250,000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendants**: Gary Victorino Sactic-Gomez

**Case number**: 26-mj-8768-BER

Previously removed alien found in the United States, in violation of Title 8, United States Code, section 1326(a)

**Maximum Penalties:**

***Max. Term of Imprisonment**: 2 years
***Mandatory Min. Term of Imprisonment (if applicable):** N/A
***Max. Supervised Release:** 1 year
***Max. Fine**: $250,000